In re Derse's Will.

## In re Derse's Will.

*April 8 — April 25, 1899.*

*Wills: Undue influence: Evidence: Powers: Costs: Stipulations.*

1. On application to admit to probate a will, it appeared, among other things, that deceased had no property or property rights except a life estate under her husband's will, with power in trust to devise the remainder; that she was seventy-three years old, and had suffered two strokes of paralysis, the last about two years before her death; that she required constant care and attention, and her habits had changed, becoming careless and slovenly; that her mind had become weakened and enfeebled, and she was unable to talk connectedly and was given to intoxication; that about six months before her death application was made to place her under guardian-

In re Derse's Will.

ship, which was denied, the three devisees under the will opposing the proceedings. The will named three of twelve children as devisees and was made after the refusal of the court to appoint a guardian. None of the children, except one devisee with whom she lived, knew of its execution, although some of them lived in close proximity to his residence. *Held,* that findings that the mind of deceased was weakened, and that she was induced to execute the will by undue and improper influences, were sustained by the proof.

2. Although the parties have stipulated that the costs and disbursements of both parties be paid out of the estate attempted to be devised, where it appears that the dominion of the deceased over it had ceased at her death and lapsed by her failure to execute the power, the court is without power to enter judgment as stipulated.

3. Whether in the absence of an express stipulation there is any statutory authority for the supreme court to direct payment of the attorneys' fees and expenses of both parties generally out of the estate in litigation, *quœre.*

APPEAL from a judgment of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an appeal from the judgment of the circuit court refusing to admit the will of Catherine Derse to probate. The will was admitted to probate by the county court upon the testimony of the subscribing witnesses. The proponent, *Thomas Steele,* was named as executor in the will. The deceased had twelve children. Nine of them appear as contestants. On the trial two of the devisees, James H. and Robert M. Derse, opposed the allowance of the will. In the county court the contestants filed objections to the probate of the will, based on the grounds, among others, that the testatrix had not sufficient mental capacity to make a will, and that the execution of the alleged will was procured by undue influence. Beyond the filing of the objections, no contest was made in county court. An appeal was duly taken, and a trial was had in the circuit court, before the judge, without a jury. In the will proposed, all of the property of the deceased, except household furniture and personal trinkets, was devised to her three sons, James H.,

Robert M., and Eugene L. Derse, share and share alike, charged with the payment of $5 to each of the other children within one year of death. The household furniture was bequeathed to Eugene. The court found, in effect, that the mind of the testatrix had become weakened and impaired by disease and the excessive use of intoxicating liquors, and that the will in question was obtained by undue influence, used and exerted upon her by her son Eugene. The proponent, *Thomas Steele*, appeals from the judgment denying the probate of said will.

*H. K. Butterfield*, for the appellant.

For the respondents there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*.

BARDEEN, J. Nearly all the errors assigned relate to questions of fact. They challenge the sufficiency of the evidence to support the finding that the mind of the deceased had been weakened and enfeebled, and that she was induced to execute the will by undue and improper influence. The deceased had no property or property rights, except such as she took under the will of her husband. In an action decided herewith (*post*, p. 113) brought to construe her husband's will, it was held that she only had a life estate in the property, with the power to devise the same. This power was limited to a devise to members of the testator's family. It was in the attempted execution of this power that the will in suit was made. The deceased, Mrs. Derse, was seventy-three years of age. The will was made but a few months prior to her death. Some six or seven years prior to that event she suffered a stroke of paralysis. About two years prior to her death, she suffered a second stroke, which increased her helplessness. She required constant care and attention. Her mind became weakened and enfeebled. Her memory was also weak. Her habits changed. Before her sickness she was neat and tidy; afterwards she was careless

In re Derse's Will. ·

and slovenly. During the last three years of her life she had to be washed and dressed. She was unable to talk connectedly, and at times would cry without any apparent cause. At times she would appear sensible, and at others incoherent. During her sickness it was thought necessary to furnish her with liquor. She had a bottle in her bedroom, and at times became intoxicated. Several doctors who examined her testified that her mental and physical condition was weak, and that she could be easily influenced. This is confirmed by the testimony of several of her friends and neighbors. She died in May, 1897. In December previous, her condition had . become such that, in the opinion of several of her children, a guardian of her estate was necessary. Proceedings to that end were instituted, but upon the hearing the court denied the application. The devisees under the will opposed the proceeding. Seven of her twelve children were sworn at the hearing. Two took no part. She was then living with her son Eugene. Upon his return from the hearing, he awoke his mother at 2 o'clock in the night to tell her of the result. In November prior to her death he obtained from her a deed of sixty-five acres of the land left under her husband's will. The expressed consideration was $1,500. The court found the property worth $3,000. In February following he obtained from her a contract to pay him $1 per day for her support. Both deed and contract were obtained without the knowledge of the other children, except the son *George*. In November, 1896, the deceased executed a will in which she disposed of all her property to her children, share and share alike. The will in question was made shortly after the termination of the guardianship proceedings. None of the children, except Eugene, knew that the second will was to be executed, although some of them lived in close proximity to his residence. These are the main facts. There are a multitude of facts and circumstances submitted, bearing upon the mental and physical condition of the deceased,.

showing the intent and design of Eugene, and the opportunity he had to carry out his purpose. It is not to be understood that the testimony was all one way. It was in some dispute; but the trial court saw the witnesses, and became possessed of many aids to a right determination that we do not possess. On the whole case, we approve of his conclusions. They are in entire harmony with the equity of the case. The relations between Eugene and his mother were those of trust and confidence. He evidently had the disposition and the opportunity to do exactly what was done. Unless the evidence is clear to support it, he ought not to be allowed to profit by his position. The conclusion of the trial court is so manifestly just and proper, under the proof, that we cannot disturb it.

The law on this subject has been recently discussed in *Disch v. Timm*, 101 Wis. 179, and need not be further dwelt upon.

The finding to the effect that it was agreed between Catherine and her husband that the former was to dispose of the property left to her among the children in equal shares is of no great importance, in view of the conclusion we have arrived at. The fact that the will in suit was obtained by undue influence renders a decision upon the other points of little consequence in this case. The ruling of the court on the rejection of evidence is not deemed of sufficient importance to require discussion.

The parties to this proceeding have filed a stipulation to the effect that, in the event of an affirmance of the judgment of the court below, the judgment of this court shall provide that the costs and disbursements of both parties shall be paid out of the estate attempted to be devised by the will under consideration. We are quite clear that we have no power to enter such a judgment. We are not dealing with that estate. Mrs. Derse's dominion over it ceased at her death. By her failure to execute the power of devise, her estate

lapsed.   We have no power to reach over into the estate of her husband, and grasp a portion of it to pay the cost of this litigation, however much the attorneys in the case may desire it.   This stipulation was undoubtedly based upon a practice that has grown up of allowing the costs and attorney fees on both sides, in cases of this kind, out of the estate of deceased.   This court may be, in a measure, responsible for this practice.   When it is considered that costs are a creature of statute, that no costs can be allowed except such as the statutes directly authorize, and that it is only the duty of the court to apply the statutes to cases, the infirmity of this practice will appear when the statutes on the subject are closely examined.   We suggest the question as worthy of consideration of whether, in absence of an express stipulation, there is any statutory authority for this court to direct payment of the attorney fees and expenses of both parties generally out of the estate in litigation.

*By the Court.*— The judgment of the circuit court is affirmed.