WILL OF LYNCH: SHELTON, Appellant, vs. LYNCH, Respondent.

*March 17—June 13, 1916.*

*Wills: Undue influence: Trial: Findings of fact: Executors: Proponent of will: Costs.*

1. A finding of the circuit court that a will was procured to be executed by undue influence of a daughter with whom the testatrix was living is, upon the evidence, *held* not to be so clearly erroneous that it can be disturbed by this court.
2. Where, the only issue in a case being as to whether a will was procured by undue influence, forty-one findings of fact were filed, consisting mainly of a synopsis of evidence and including a wholly unsupported finding of mental incapacity, such practice is condemned.
3. Nothing in sec. 2932 or sec. 4041*b*, Stats., authorizes the taxing of attorney's fees in the circuit court against the unsuccessful proponent of a will who, although the will named her executrix and was admitted to probate in the county court, did not qualify as executrix but acted throughout in her individual capacity.

APPEAL from a judgment of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed in part; reversed in part.*

Proceedings to probate a will. Ellen Lynch died in Milwaukee March 15, 1913, at the age of eighty-four, leaving a will executed June 26, 1912, in which her daughter, *Julia Shelton,* was named as executrix. The will left $1,000 to William Lynch, a son; $500 in trust to *Julia Shelton* for John Lynch, another son; $1,000 to *Julia Shelton,* who was also made residuary legatee. Whether the testatrix had any estate depends upon whether she or her son *Edward,* the contestant, was the owner of a bank deposit amounting to about $3,900.· The will was admitted to probate in the county court; but upon an appeal taken by *Edward Lynch* the circuit court reversed the judgment of the county court, and refused the probate of the will on the ground that it was procured to

be executed by the fraud, duress, and undue influence of *Julia Shelton,* and awarded attorney's fees against her in the sum of $250. From a judgment entered accordingly she appealed.

For the appellant there was a brief by *Arthur Breslauer* and *N. L. Baker & W. J. Zimmers,* and oral argument by *Mr. Baker.*

For the respondent there was a brief by *Kronshage, McGovern & Hannan,* and oral argument by *Timothy J. Hannan.*

The following opinion was filed April 11, 1916:

VINJE, J. No attempt to give even a synopsis of the evidence will be made. The salient features of it tending to support the judgment of the circuit court are these: Ellen Lynch and her son *Edward* had lived together for about twenty-five years immediately preceding January, 1912. During the latter part of that time he had earned as much as $100 per month, and what was not used for household and other expenses by them was deposited in a bank, part of the time in the name of Ellen Lynch, part of the time in her name and that of her sons *Edward* and William, and part of the time in her and *Edward's* name. Shortly before she made her will *Edward* withdrew the bank account, claiming it was his and that he wanted to use it as he was about to be married. In January, 1912, Ellen Lynch broke her hip and she was removed to St. Mary's Hospital, where she remained till June 12, 1912, when she was removed to the house of her daughter, *Julia Shelton,* with whom she continued to live up to the time of her death, March 15, 1913. There is considerable evidence to the effect that Mrs. Lynch up to the time she went to the hospital thought a great deal of her son *Edward;* that *Julia Shelton* refused to let him see his mother while she remained with her; that *Mrs. Shelton* sent for an attorney to draw the will and that she was also instrumental in causing her mother to institute an action for the recovery

of the money in the bank drawn out by *Edward*. On the other hand there is evidence tending to prove that Mrs. Lynch became enraged at her son *Edward* on account of his drawing out of the money in the bank which she claimed belonged to her and for that reason she left him out of her will; that the will was the result of her free, deliberate choice and that no undue influence of any kind was exerted upon her by *Julia Shelton* or any one else. The state of the evidence is such that we cannot say the circuit court clearly erred in finding undue influence, hence such finding must stand as a verity in the case.

It appears that at the close of the trial on June 29, 1915, the court filed a memorandum reading: "Will disallowed on the ground of undue and fraudulent influence upon the testator. Objections of *Edward V. Lynch* sustained. Oral directions will be given for the direction of findings. J. C. Ludwig, Judge."

On October 28, 1915, forty-one findings of fact were filed covering eleven printed pages of the case and including a finding that the testatrix had not the mental capacity to execute a will. There is absolutely no evidence to sustain such a finding. On the contrary, all the evidence shows the testatrix was of sound mind, and, except for the hip broken in January, in good health for a person of her age. There was only one issue in the case and that was whether or not the will was procured by undue influence. A finding covering that issue is all the statute and good practice required. Instead of that we have forty-one findings, consisting in the main of a synopsis of the evidence favorable to the contestant. Such practice deserves condemnation. The situation would lend color to the surmise that the findings were drawn by contestant's attorneys and not closely enough scanned by the judge at the time of signing, for we cannot believe that he intended to find lack of testamentary capacity, yet the assertion of that fact is included in both the findings of fact and conclusions of law.

The court also adjudged that *Mrs. Shelton* personally pay the sum of $250 attorney's fees to the contestant. Sec. 2932, Stats., authorizes the imposition of an attorney's fee against an executor in an action prosecuted or defended by him when satisfied that the prosecution or defense is in bad faith or for mismanagement. Sec. 4041*b* authorizes the payment of an attorney's fee out of the estate in will contest cases, but not by the proponent or contestant personally. Our attention has not been called to any other statutory provisions permitting attorney's fees to be taxed against an unsuccessful proponent of a will, and since we find nothing in the record to show that *Mrs. Shelton* prosecuted as executrix the court erred in imposing attorney's fees against her. It is true the will named her as executrix and that it was admitted to probate by the county court. But the will did not waive the giving of a bond by the executrix and we cannot find one was given, so we must conclude, as the entitling of the papers also shows, that *Mrs. Shelton* prosecuted in her individual capacity and not as executrix.

*By the Court.*—That part of the judgment reversing the judgment of the county court and refusing probate of the will is affirmed; that part of the judgment awarding an attorney's fee of $250 against *Julia Shelton* is reversed. The appellant will recover costs in this court.

A motion for a rehearing was denied, with $25 costs, on June 13, 1916.