### WILL OF NACHTSHEIM.

*October 26, 1917—February 5, 1918.*

*Wills: Validity: Undue influence.*

1. As to what constitutes undue influence sufficient to avoid a will, each case must rest upon its own particular facts; but in general, in order to establish undue influence there must be shown: (1) opportunity to exercise influence; (2) disposition to influence and motive therefor; (3) susceptibility of the subject to influence by the person having the opportunity; and (4) a re-

sult indicating the exercise of undue influence by such person. The clear establishment of three of these essential elements may, however, with slight additional evidence as to the fourth, compel the inference of its existence.

2. Evidence in this case is *held* sufficient to show the existence of all the elements of undue influence, and to have warranted the refusal to probate an instrument propounded as the will of a woman who was physically and mentally very weak at the time of signing and who named as executor and made her chief beneficiary a man not related to her, but occupying a position of trust and confidence. *Ball v. Boston,* 153 Wis. 27, distinguished. ESCHWEILER, J., dissents.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

This is an appeal from a judgment of the circuit court affirming the judgment of the county court denying probate to an instrument propounded as the last will and testament of Maria Nachtsheim, deceased, upon the ground of undue influence.

The will was presented for probate by one *Wallace J. Kircher,* who is named in the instrument as executor and made chief beneficiary under the alleged will, and who was not related to the deceased.

Two nieces, heirs at law of deceased, filed objections to the probate of the alleged will on the ground, among other things, that the testatrix was not of sound mind and that the execution of the instrument was procured by undue influence exercised by said *Kircher* and one Catherine Bauman, a witness to the will.

The county court held the will void on the ground of want of testamentary capacity as well as undue influence. Upon appeal the circuit court affirmed the judgment of the county court and held the will void on the ground of undue influence and found substantially as follows: That the testatrix was of sufficient mental capacity to make a will; that she, at the time of signing said instrument, was suffering from extreme

physical weakness as a result of an incurable nervous disease of long standing aggravated by her continued use of alcoholic liquors, in consequence of which her mind was weakened and her power to resist improper influence thereby greatly diminished; that by reason of her physical and mental weakness she was susceptible to undue influence; that the proponent, *Kircher*, occupied a position of trust and confidence in his dealings with the testatrix and was disposed to exercise undue influence over her for his own benefit, which he had ample opportunity to and did do; that Catherine Bauman had opportunity to exercise undue influence over the testatrix and showed a disposition to and did exercise such undue influence for the benefit of the proponent, *Kircher;* that the proponent, *Kircher,* and subscribing witness, Catherine Bauman, exercised fraudulent and undue influence over the testatrix in inducing and procuring the execution of said instrument, and that the instrument was signed by the testatrix as the result of such fraudulent and undue influence exercised upon her by them.

The court found as conclusions of law that the instrument propounded for probate is not the will of said testatrix and is not entitled to be admitted to probate as such, and that the judgment of the county court should be affirmed.

Judgment was entered accordingly, from which this appeal was taken.

*Frank H. Hannaford* and *Hubert O. Wolfe* of Milwaukee, attorneys for proponent *Wallace J. Kircher,* and *W. H. Churchill* of Milwaukee, guardian *ad litem* for *Appolonia Wolters* and *Catherine Mueller,* for the appellants.

*Edgar L. Wood* of Milwaukee, for the contestant respondents.

The following opinions were filed November 13, 1917:

KERWIN, J.    Many decisions of this court relating to what constitutes undue influence sufficient to avoid a will are cited

and relied upon by counsel on each side.    An examination of
these cases as well as others in this court will show that each
case rests upon its own particular facts viewed in the light of
well settled principles of law.    This court in cases relating
to will contests on the ground of undue influence has laid
down some general rules respecting the elements necessary
to exist in establishing undue influence as follows: (1) The
opportunity to exercise influence; (2) the disposition to in-
fluence and motive therefor; (3) the susceptibility of the
subject to influence by the person having the opportunity;
and (4) the result indicating the exercise of undue influence
by such person.    *Elliott v. Fisk,* 162 Wis. 249, 155 N. W.
110; *Ball v. Boston,* 153 Wis. 27, 141 N. W. 8.

In *Elliott v. Fisk, supra,* this court said:

"While it is true that a testator susceptible to undue in-
fluence; an opportunity for the exercise thereof; a disposition
to exercise it; and a result indicating its exercise must be
established by clear and satisfactory evidence before a court
is justified in setting aside a will, yet the clear establishment
of three of these essential elements may with slight additional
evidence as to the fourth compel the inference of its exist-
ence.    This is especially true where the will is not what may
be termed a natural one, such as relationship usually dic-
tates."

A great amount of testimony was offered on both sides upon
the question of undue influence.    We shall not prolong this
opinion by a discussion of it.    The questions involved as ap-
pear from the record are purely questions of fact, and both
the county and circuit courts were in far better position to
determine these questions than this court, as has been often
said by this and other courts.

There is ample evidence to support all the elements of un-
due influence, and this court has so held in cases where the
evidence of undue influence was no stronger than in the in-
stant case.    *Elliott v. Fisk,* 162 Wis. 249, 155 N. W. 110;
*Will of Lynch,* 163 Wis. 466, 157 N. W. 557; *Baker v.*

*Baker,* 102 Wis. 226, 78 N. W. 453; *Derse's Will,* 103 Wis. 108, 79 N. W. 46; *Bryant v. Pierce,* 95 Wis. 331, 70 N. W. 297; *Will of Slinger,* 72 Wis. 22, 37 N. W. 236.

Much stress is placed by counsel for respondent upon *Ball v. Boston,* 153 Wis. 27, 141 N. W. 8. It will be seen, however, upon examination of that case that the controlling facts were quite different from the facts in the instant case, and moreover reversal was put in part at least upon the ground that the lower court did not apply correct rules of law to the facts found.

In view of the repeated decisions of this court and the established rule that the findings of the trial court will not be disturbed unless clearly wrong, we are not able to say that the decision of the court below should be disturbed.

The court below allowed $400 attorney's fees to the contestants to be paid out of the estate. This is authorized by sec. 4041*b,* Stats.

*By the Court.*—Judgment affirmed.

Eschweiler, J. (*dissenting*). In this case the testimony is to me clear, satisfactory, and convincing that the testatrix was competent to make a will and that the one propounded here was one that she wished to make and that it was not the result of undue influence.

Nothing would be gained by a recital of the facts which lead me to this conclusion and I shall do no more than thus register my protest against what seems to be a disposing of the property of the testatrix in a manner different from what she, having a right to declare her wishes and having freely declared them, willed that it should go.

The proponent and appellant *Wallace J. Kircher* moved for a rehearing.

In support of the motion there was a brief on behalf of the appellants by *Frank H. Hannaford* and *Hubert O. Wolfe*

of Milwaukee, attorneys for said proponent, and *Charles S. Thompson* and *Henry Mahoney* of Milwaukee, of counsel, and by *W. H. Churchill* of Milwaukee, guardian *ad litem* for *Appolonia Wolters* and *Catherine Mueller*.

*Edgar L. Wood* of Milwaukee, for the respondents.

The motion was denied, with $25 costs, on February 5, 1918.

Owen, J., took no part.